UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEAGUE OF UNITED LATIN AMERICAN )
CITIZENS (LULAC), et al. )
 )
v. ) No. 3:04-0613
 ) JUDGE CAMPBELL
PHIL BREDESEN, et al. )

MEMORANDUM

I. Introduction

Pending before the Court is Defendants' Motion For Partial Summary Judgment (Docket No. 61). For the reasons set forth below, the Motion is GRANTED. The Court concludes that Public Chapter 351 is impliedly preempted by the REAL ID Act, and therefore, Plaintiffs' challenge to the constitutionality of Public Chapter 351 is moot.

The parties shall file a notice on or before September 12, 2005 identifying which claims, if any, remain for trial.

II. Factual and Procedural Background

Plaintiffs brought this action challenging enforcement of Public Chapters 351 and 778 on various grounds, and raising other constitutional claims. The Court has already ruled on various claims in this case. The pending motion seeks summary judgment on the portion of Count VII of the First Amended Complaint relating to Public Chapter 351, the matricula consular card amendment.

Public Chapter 351, which was enacted in 2003, amends Tennessee Code Annotated Section 55-50-321 by adding the following language: "The department [of Safety] shall not

accept matricula consular cards as proof of identification for driver license application and issuance purposes." Tenn. Code Ann. § 55-50-321(g).

After filing the pending motion, the Defendants filed a Supplemental Memorandum In Support Of Defendants' Motion For Summary Judgment (Docket No. 67) arguing that enactment by Congress of the REAL ID Act of 2005 rendered Plaintiffs' challenge to Public Chapter 351 moot. The Court then ordered the parties to file briefs on whether the REAL ID Act of 2005 preempts Public Chapter 351. (Docket No. 72). Those briefs have now been filed (Docket Nos. 73, 74).

III. Analysis

A. Standards Governing Summary Judgment Motions

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment may be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003).

In order to prevail, the movant has the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In determining whether the movant has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

B. Preemption

2

On May 11, 2005, Congress enacted the "Emergency Supplemental Appropriations Act For Defense, The Global War On Terror, Tsunami Relief, 2005," which includes as Division B "The REAL ID Act of 2005," Pub.L. No. 109-13, 119 Stat. 231, §§ 201-202. The REAL ID Act provides that "[b]eginning 3 years after the date of the enactment of this division, a Federal agency may not accept, for any official purpose, a driver's license or identification card issued by a State to any person unless the State is meeting the requirements of this section." Id., at § 202(a)(1). The Act defines "official purpose" as including acts such as "accessing Federal facilities, boarding federally regulated commercial aircraft, entering nuclear power plants, and any other purposes that the Secretary [of Homeland Security] shall determine." Id., at § 201(3).

Subsection 202(c)(1) of the Act lists the types of identification information that must be provided before the State may issue a license or card, and Subsection (c)(2) requires verification "by valid documentary evidence" of an applicant's citizenship or immigration status. Subsection (c)(3)(B) states that to satisfy a requirement of Subsections (c)(1) or (2), "[t]he State shall not accept any foreign document, other than an official passport. . ." Id., at § 202(c)(3)(B).

Because official passports are the only foreign documents that may be used as proof of identity or of citizenship/immigration status under the Act, a matricula consular card would not be acceptable.

In their briefs, the parties both take the position that the REAL ID Act of 2005 preempts Public Chapter 351.[1] A fundamental principle of the Constitution's Supremacy Clause is that Congress has the power to preempt state law. Art. VI, cl. 2; Crosby v. National Foreign Trade

---

[1] The Court assumes for purposes of this opinion that by taking the position that Public Chapter 351 is preempted, the State of Tennessee no longer intends to enforce the provision even though the REAL ID Act does not officially take effect until 2008.

3

Council, 530 U.S. 353, 120 S.Ct. 2288, 2293, 147 L.Ed.2d 352 (2000). It is not necessary for a federal statute to provide explicitly that a particular state law is preempted. International Paper v. Ouellette, 479 U.S. 492, 107 S.Ct. 805, 811, 93 L.Ed.2d 883 (1987). The courts are to give preemptive effect to federal law where (1) a federal statute expressly preempts state law, (2) a federal law impliedly preempts state law, or (3) federal law and state law actually conflict. Gibson v. American Bankers Ins. Co., 289 F.3d 943, 948-950 (6th Cir. 2002).

"Implied preemption occurs 'if a scheme of federal regulation is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it,' if 'the Act of Congress . . . touch[es] a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject,' or if the goals 'sought to be obtained' and the 'obligations imposed' reveal a purpose to preclude state authority." Gibson, 289 F.3d at 949 (quoting Wis. Pub. Intervenor v. Mortier, 501 U.S. 597, 605, 111 S.Ct. 2476, 115 L.Ed.2d 532 (1991)).

The Court is persuaded that the REAL ID Act's provisions regulating the type of identity documents necessary to obtain a drivers' license impliedly preempt Tennessee state law on the subject. Although the Act permits a state to issue drivers' licenses through an alternative identification verification procedure, those drivers licenses could not be used to access federal facilities, board federally regulated commercial aircraft, or for "any other purposes the Secretary shall determine." Consequently, states are likely to comply with the Act, and certainly, the State of Tennessee, as a party to this lawsuit, indicates that it intends to comply with the Act. In any event, given the broad scope of the phrase "official purpose" for which compliance with the Act

4

is required, and that the federal interest in national security is one of the goals of the Act,[2] the Court concludes that Congress intended to preempt state law in this area of identity verification documentation for drivers' licenses.

Accordingly, the Court holds that Public Chapter 351 is impliedly preempted by the REAL ID Act, and therefore, Plaintiffs' challenge to the constitutionality of the provision is moot.

## IV. Conclusion

For the reasons described above, Defendants' Motion For Partial Summary Judgment (Docket No. 61) is GRANTED.

It is so ORDERED.

*/s/ Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[2] As noted above, the REAL ID Act is part of the "Emergency Supplemental Appropriations Act for Defense, The Global War On Terror, And Tsunami Relief, 2005."